UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARCO TOWING, INC. | CIVIL ACTION |
| VERSUS | NO. 09-2928 c/w 09-2929 and 09-3534 |
| NEWPARK DRILLING FLUIDS, LLC | SECTION "N" (1) |
| | **Applies to 09-2929** |

## ORDER AND REASONS

On July 15, 2009, the undersigned ordered the parties to submit memoranda addressing the Court's subject matter jurisdiction with respect to the claims asserted by Plaintiff Larco Marine, LLC ("Larco Marine") in Civil Action Number 09-2929. *See* Rec. Doc. 71.[1] The parties complied. *See* Rec. Docs. 73 & 74. In its memorandum, Larco Marine contends that the amount in controversy for that particular action is below $75,000. Thus, Larco Marine asks the Court to remand its claims to Louisiana state court. *See* Rec. Doc. 73.

---

[1] Unless otherwise indicated, all record document references herein are to the Court's record for Civil Action Number 09-2928, which is the lead case for these consolidated actions. *See* Rec. Docs. 24 & 33.

In seeking remand, Larco Marine points to its post-removal stipulation (Rec. Doc. 30-5) that it no longer would seek to collect five of the six unpaid invoices, totaling $ 88,000, that initially were pled in its state court petition (09-2929, Rec. Doc. 1-2). Rather, Larco Marine stipulated, it would pursue only a December 16, 2008 invoice for $17,600.[2]

Having reviewed the parties' submissions, the state court petition, and applicable law, the Court finds that it has diversity of citizenship jurisdiction over Larco Marine's claims in Civil Action Number 09-2929. As argued by Defendant Newpark Drilling Fluids, LLC, post-removal stipulations may be considered in support of remand only under limited circumstances. Specifically, if the amount in controversy reflected in the state-court petition is ambiguous *at the time of removal*, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy *as of the date of removal*. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Jacobs v. Dun & Bradstreet, Inc.,* No. 08-3592, 2009 WL 211098, * 1-2 (E.D. La. 01/27/09)(Engelhardt, J); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, *2 (E.D. La. 01/09/07)(Vance, J.). If the amount in controversy, however, is clear from the face of the state court petition, as it undisputedly

---

[2] Larco Marine explains that its factoring company, Crestmark Commercial Capital Lending, LLC was seeking payment for the other five unpaid invoices in litigation filed in another Louisiana district court. *See Crestmark Commercial Capital Lending, LLC v. Newpark Drilling Fluids, LLC*, Case No. 576772, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

is here, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 293, 292, 58 S. Ct. 586, 592 (1938); *Gebbia,* 233 F.3d at 883. Nor does the remand provision set forth in 28 U.S.C. §1447(c) authorize remand under such circumstances. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n. 4 (5th Cir. 1996) ("§1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand").

Given the foregoing, **IT IS ORDERED** that Larco Marine, LLC's request that Civil Action Number 09-2929 be remanded to Louisiana state court is **DENIED**. Consistent with the Court's rulings reflected as to Plaintiff Larco Towing, Inc., in its July 15, 2009 Minute Entry (Rec. Doc. 71), **IT IS FURTHER ORDERED** that: (1) Plaintiffs' May 14, 2009 motion for partial summary (Rec. Doc. 28) is **DENIED** without prejudice as to Larco Marine, LLC; and (2) Plaintiffs' May 15, 2009 motion for partial summary (Rec. Doc. 30) is **GRANTED** as to Larco Marine, LLC.

New Orleans, Louisiana, this 13th day of January 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**